1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM DOTY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana Corporation, and DOES 1-10, inclusive,<br><br>Defendant. | Case No.<br><br>**DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION** |

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

Pursuant to 28 U.S.C. § 1332(d), 28 U.S.C. § 1441, *et. seq.*, and 28 U.S.C. § 1446, *et. seq.*, Defendant WATKINS AND SHEPARD TRUCKING, INC. ("Defendant" or "W&S") hereby removes the above-captioned action from the Superior Court of the State of Washington in and for Pierce County to this Court on the ground of original jurisdiction based on the Class Action Fairness Act ("CAFA") and all other grounds for jurisdiction to the extent applicable, including traditional diversity and/or federal question. The following statement is submitted in accordance with 28 U.S.C. § 1446:

## I.   STATEMENT OF JURISDICTION

1. CAFA grants federal district courts original jurisdiction over civil class action lawsuits filed under federal or state law in which any member of a putative class of plaintiffs is a citizen of a state different from any defendant, and where the matter in controversy exceeds $5,000,000, exclusive of interest and costs. 28 U.S.C. § 1332(d).

2. There is no presumption against removal under CAFA. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 550, 554 (2014) ("no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court"). To the contrary, "CAFA's 'provisions should be read broadly, with a strong preference that interstate class actions should be heard in federal court if properly removed by any defendant.'" *Id.* at 554 (quoting S. Rep. No. 109-14, p. 43 (2005)).

3. This Court has jurisdiction over this case under CAFA, and this case may be removed pursuant to 28 U.S.C. § 1441(a), if: (1) the proposed class contains more than 100 members; (2) Defendant is not a state, state official, or other governmental entity; (3) the total amount in controversy for all class members exceeds $5,000,000; and (4) there is diversity between at least one class member and Defendant.

4. Removal to this Court is proper because the action was filed and is pending in the Superior Court of the State of Washington in and for the County of Pierce, which is within this judicial district. 28 U.S.C. §§ 128(b), 1446(a).

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 1
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

5. As set forth above, and more fully discussed below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## II. STATUS OF THE PLEADINGS

6. On or about February 25, 2019, Plaintiff TOM DOTY ("Plaintiff") filed a Complaint for Unpaid and Wrongfully Withheld Wages (the "Complaint") in the Superior Court of the State of Washington in and for the County of Pierce, entitled *Tom Doty, individually and on behalf of all others similarly situated v. Watkins and Shepard Trucking, Inc., a Montana Corporation*, Case No. 19-2-05602-4 (the "State Court Action"), a true and correct copy of which is attached hereto as Exhibit A.

7. On or about February 26, 2019, Defendant's registered agent for service of process was personally served with a copy of the Summons and Complaint. True and correct copies of the Summons, Complaint, and every other process, pleading, and order served on Defendant in this action to date are attached hereto as the Exhibits identified below:

| **Exhibit** | **Document** |
| --- | --- |
| A | Complaint |
| B | Summons |
| C | Order Assigning Case to Judicial Department and Setting Review Hearing Date |

8. Defendant is informed and believes that the following additional documents are also on file in the State Court Action and are attached hereto as the Exhibits identified below:

| **Exhibit** | **Document** |
| --- | --- |
| D | Case Cover Sheet / Civil Case |
| E | Order Reassigning Case |
| F | Certificate of Service |

9. Plaintiff's Complaint asserts that he and the putative class he seeks to represent are current or former employees of Defendant who are, or were, truck drivers residing in the State of Washington within the three years preceding the filing of the Complaint (*i.e.*, from February 25, 2016

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 2
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

to the present). *See* Exh. A (Complaint), ¶¶ 4, 20. Plaintiff's Complaint asserts four causes of action for: (1) failure to pay hourly and separate wages for time spent on statutory rest periods apart from and in addition to the piece-rate pay in violation of WAC 296-126-092; (2) violations of the Washington Minimum Wage Act ("WMWA"), RCW 49.46.020 and .090, for failure to pay minimum wage for all hours worked; (3) failure to satisfy wage obligations assumed through contract in violation of the Washington Rebate Act ("WRA"), RCW 49.52.050(2); and (4) double damages for willful and intentional withholding of wages pursuant to RCW 49.52.050, 070 "flowing from Cause of Actions [*sic*] One, Two and Three." *See id.*, ¶¶ 29-51.

10. Defendant is the only defendant in the State Court Action. There are no unserved defendants, and as such, Defendant is the only defendant that need consent to this removal.

### III.   JURISDICTION PURSUANT TO CAFA IS SATISFIED

**A.   THIS ACTION IS A CLASS ACTION UNDER CAFA**

11. Pursuant to Section 4 of the Class Action Fairness Act of 2005 ("CAFA" or the "Act"), 28 U.S.C. § 1332(d)(2):

> The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which —
>
> (A)   any member of a class of plaintiffs is a citizen of a State different from any defendant.

12. CAFA defines a "class action" to include civil actions filed under State statutes or rules of procedure similar to Rule 23 of the Federal Rules of Civil Procedure ("Rule 23") that authorize an action to be brought by one or more representative persons as a class action. In the Complaint, Plaintiff alleges that this action "is a class action" brought "on behalf of a [putative] Class" pursuant to Washington Civil Rule 23. *See* Exh. A (Complaint), ¶¶ 1, 20-21. This action is therefore a "class action" under CAFA.

**B.   MINIMUM DIVERSITY EXISTS**

13. Minimum diversity exists pursuant to 28 U.S.C. § 1332(d)(2)(A). At all times during Plaintiff's employment with Defendant, he had a State of Washington driver's license and mailing

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 3
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

1 | address. *See id.*, ¶¶ 4, 12. Defendant is informed and believes that Plaintiff resides in and intends to indefinitely remain living continuously in Washington, and that his domicile presently is in Washington. *See id.*, ¶ 4. Additionally, the putative class is defined to only include individuals that "resided in Washington State." *See id.*, ¶ 20. Based on Defendant's internal records and Plaintiff's allegations, Plaintiff and the putative class members are all citizens of Washington for purposes of CAFA. *See* 28 U.S.C. § 1332(a)(1) (an individual is a citizen of the state in which he or she is domiciled); *see also Lew v. Moss*, 797 F.2d 747, 751-52 (9th Cir. 1986) (party domiciled in state of party's address and driver's license); *State Farm Mut. Auto. Ins. Co. v. Dyer,* 19 F.3d 514, 520 (10th Cir. 1994) (residence is *prima facie* evidence of domicile for purposes of determining citizenship).

14. Defendant is a corporation and is therefore deemed to be a citizen of the state in which it has been incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is generally its headquarters. *Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010) (the "'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities," and in practice, the principal place of business "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and coordination").

15. As Plaintiff alleges, Defendant is "a Montana corporation." *See* Exh. A (Complaint), ¶ 5. As shown on the State of Washington's Secretary of State's Corporations search website, Defendant is "a Montana corporation" with a principal office street address in Helena, Montana. *See* URL at https://ccfs.sos.wa.gov/#/Home (using "Contains" search for "Watkins and Shepard"). As the State of Montana's Secretary of State's Business Services website further shows, Defendant maintains its corporate headquarters and principal place of business in Green Bay, Wisconsin. *See* URL at https://sosmt.gov/business/ (search for "Watkins and Shepard"). At its corporate headquarters in Green Bay, Wisconsin, Defendant's officers direct, control and coordinate its activities and the majority of its executive and administrative functions are performed there. Thus, Defendant was not and is not a citizen of the State of Washington but, rather, was and is a citizen of

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 4
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

the States of Montana and Wisconsin for the purpose of determining jurisdiction. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz*, 559 U.S. at 92-93.

16. Consequently, CAFA's minimum diversity requirement is satisfied because Plaintiff purports to be a member of the putative class he seeks to represent and is a citizen of a state (Washington) that is different from Montana and Wisconsin.

**C.   SIZE OF THE PURPORTED CLASS**

17. According to the Complaint, the proposed class has "an estimated 200 current and former Washington resident, Washington CDL-holding truck drivers." *See* Exh. A (Complaint), ¶¶ 12, 22 ("Upon information and belief, there are at least 200 current and former employees in the class."). Therefore, the Complaint alleges that the aggregate membership of the proposed class is *at least* 100 as required under CAFA. *See* 28 U.S.C. § 1332(d)(5)(B).

**D.   THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000**

18. Defendant alleges based on the following calculations that the amount in controversy exceeds $5,000,000 only for the purposes of establishing subject matter jurisdiction under CAFA. Defendant's allegations and calculations are not admissions of liability or damages with respect to any aspect of this case, or to the proper legal test(s) applicable to Plaintiff's allegations, or whether a class action is proper. *LaCrosse v. Knight Truck & Trailer Sales, LLC*, 775 F.3d 1200, 1203 (9th Cir. Jan. 8, 2015) ("'Even when defendants have persuaded a court upon a CAFA removal that the amount in controversy exceeds $5 million, they are still free to challenge the actual amount of damages in subsequent proceedings and trial.'") (quoting *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1198 n.1 (9th Cir. 2015)).

19. A removing defendant's notice of removal need only contain plausible allegations, consistent with Fed. R. Civ. P. 8(a), to demonstrate the amount in controversy. Evidentiary submissions are not required unless and until the removing defendant's allegations are contested by the plaintiff or questioned by the Court:

> In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. Evidence establishing the amount is required by § 1446(c)(2)(B) only when the plaintiff contests, or the court questions, the

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 5
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

defendant's allegation.

*Dart Cherokee*, 135 S.Ct. at 554.  This standard applies to complaints like the Complaint in this action, which does not allege or seek a specific amount of damages:

> When plaintiffs favor state court and have prepared a complaint that does not assert the amount in controversy … the Supreme Court has said that a defendant can establish the amount in controversy by an unchallenged, plausible assertion of the amount in controversy in its notice of removal

*Ibarra*, 775 F.3d at 1197-98 (citing *Dart Cherokee*, 135 S.Ct. at 554-55).

20.     A plaintiff's complaint is a court's "first source of reference in determining the amount in controversy." *LaCrosse*, 775 F.3d at 1202 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)).  Here, in determining the amount in controversy for purposes of removal, the ultimate inquiry is what amount is put "in controversy" by Plaintiff's Complaint—not what a court or jury might later determine to be the actual amount of damages, if any.  *See Ibarra*, 775 F.3d at 1198 n.1 (defendants "are not stipulating to damages suffered" in a removal petition, "but only estimating the damages that are in controversy," because "jurisdiction must be analyzed on the basis of pleadings filed at the time of removal"); *St. Paul Mercury*, 303 U.S. at 291 ("the status of the case as disclosed by the complaint is controlling in the case of a removal"); *Scherer v. Equitable Life Assurance Soc'y of the United States,* 347 F.3d 394, 399 (2d Cir. 2003) (the "'amount in controversy' … for jurisdictional purposes, [is] the sum put in controversy by the plaintiff's complaint"); *see also Wilder v. Bank of Am.*, 2014 WL 6896116, *4 (C.D. Cal. Dec. 5, 2014) (determining amount in controversy requires that court assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint because the ultimate inquiry is what amount is put "in controversy" by the complaint, not what a defendant will actually owe).

21.     Plaintiff brings this action on behalf of himself and a putative class defined as:

> All individuals who (1) resided in Washington State, (2) held Washington State Commercial Driver's Licenses, (3) were employed by Watkins and Shepard Trucking, Inc., (4) in the position of truck driver, (5) and who were paid, in whole or in part, on a per-mile piece-rate basis (or any other piece-rate basis) (6) at any time from three years prior to the filing of this Complaint through to the date of certification of the Class by the Court (the "Class Period").

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 6
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

Exh. A (Complaint), ¶ 20.

22.     CAFA authorizes the removal of class actions in which, among the other factors mentioned above, the *aggregate* amount in controversy for all class members exceeds five million dollars ($5,000,000.00). *See* 28 U.S.C. § 1332(d). Here, the allegations in Plaintiff's Complaint and the claimed damages exceed the jurisdictional minimum.

23.     The statute of limitations on the various claims asserted in the Complaint is three years. *See* RCW 4.16.080(2)-(3); *see also Prof'l Eng'g Ass'n v. Boeing Co.,* 139 Wash.2d 824, 837-838 (2000) (three-year statute of limitations applies to wage claims). Given that the Complaint was filed on February 25, 2019, the putative class period begins on February 25, 2016.

24.     The claims of the individual members in a "class action" are aggregated to determine if the amount in controversy exceeds the sum or value of $5 million. *See* 28 U.S.C. § 1332(d)(6), (11). In addition, Congress intended for federal jurisdiction to be appropriate under CAFA "if the value of the matter in litigation exceeds $5,000,000 either from the viewpoint of the plaintiff or the viewpoint of the defendant, and regardless of the type of relief sought (*e.g.*, damages, injunctive relief, or declaratory relief)." Senate Judiciary Committee Report, S. Rep. 109-14, at 42. Moreover, the Senate Judiciary Committee's Report on the final version of CAFA makes clear that any doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction:

> [I]f a federal court is uncertain about whether 'all matters in controversy' in a purported class action 'do not in the aggregate exceed the sum or value of $5,000,000, the court should err in favor of exercising jurisdiction over the case . . . Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant.

S. Rep. 109-14, at 42-43.

25.     Defendant's payroll, employment, and operational data for the putative class members ("PCMs") comprised of its Washington-based drivers employed from February 25, 2016 through March 15, 2019, and paid on a per-mile piece-rate basis (the "Drivers"), was analyzed and used to determine the CAFA amount in controversy for purposes of this Notice of Removal. Based on that

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 7
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

analysis, that voluminous data can be summarized as follows for the three-year limitations period in question:

(a) the Drivers had an average effective hourly rate of $22.13 per hour;

(b) for the time period of February 25, 2016 through March 15, 2019, the Drivers worked 28,330 days;

(c) for the time period of February 25, 2016 through March 15, 2019, the Drivers worked 39,169.93 hours on duty, not driving, which accounted for 16.86% of their total on-duty hours worked; and

(d) the Drivers were paid $4,084,176.65 of total on-duty wages based on a mileage rate of pay.

### *First Cause of Action for Failure to Pay Hourly and Separate Wages for Time Spent on Statutory Rest Periods and Apart from and in Addition to the Piece-Rate Pay*

26. The Complaint alleges that "Defendant compensated Plaintiff and other truck drivers on a per-mile piece-rate basis, with some additional compensation for some activities such as loading and unloading, pre and post trip inspections in California, and some detention time after a certain number of hours, but *with no separate and hourly pay for rest periods* …." Exh. A (Complaint), ¶ 13 (emph. added). Plaintiff's First Cause of Action seeks unpaid wages based on Defendant's alleged failure "to pay Plaintiff and Class Members separate and apart from the [per-mile] piece-rate for rest breaks during the class period," which Plaintiff contends "is required by regulation." *See* Exh. A (Complaint), ¶¶ 30-38; *id.*, ¶¶ 2, 13-14 ("Defendant … did not compensate truck drivers separately and hourly, or at all, for rest periods ….").

27. To that end, Plaintiff's First Cause of Action seeks unpaid wages based on Defendant's alleged failure to pay Plaintiffs and other PCMs "separate and apart" from its piece-rate compensation for rest periods. *Id.*, ¶¶ 14, 33. Plaintiff's Complaint alleges that he worked "approximately 12-14 hours per day for Defendant," which would entitle Plaintiff to at least three 10-minute rest breaks per workday (for a total of 30 minutes). *See id.*, ¶ 4; *see also id.*, ¶ 23 ("Plaintiff's claims are typical of the claims of the members of the Class …."). Plaintiff further contends that he and other PCMs are

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 8
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

"entitled to their regular rate of pay for rest break time." *Id.*, ¶ 35. Accordingly, the Complaint seeks recovery of unpaid wages "in the amounts to be determined at trial" for each unpaid rest break to which Plaintiffs and PCMs were entitled. *Id.*, ¶¶ 37-38; *see id.*, ¶ 18 ("Simply put, Defendant did not compensate its truck drivers for rest periods … during the Class Period as required by law.")

28. Based on the allegations of Plaintiff's Complaint and Defendant's above-summarized data, which show that the Drivers worked 28,330 aggregate days during the period commencing three years prior to the filing of the Complaint through March 15, 2019, and were paid an average effective hourly wage of $22.13 during that time period, and Plaintiff's lowest workday length that he alleges is typical for the Drivers, Defendant calculates the amount in controversy on Plaintiff's claim for unpaid wages in connection with his First Cause of Action as follows:

| Average Hourly Rate | Unpaid Rest Break Hours Per Day | Total Number of Workdays | Amount In Controversy |
|---|---|---|---|
| $22.13   x | 0.5   x | 28,330   = | $313,471.45 |

29. Accordingly, the amount in controversy on Plaintiff's First Cause of Action is *at least* **$313,471.45**.[1]

### *Second Cause of Action for Failure to Pay Wages for All Hours Worked*

30. The Complaint alleges that ""Defendant compensated Plaintiff and other truck drivers on a per-mile piece-rate basis, with some additional compensation for some activities such as loading and unloading, pre and post trip inspections in California, and some detention time after a certain number of hours, but with no separate and hourly pay for … for all hours worked, such as for detention time and all time associated with pre and post-trip inspections." Exh. A (Complaint), ¶ 13. Plaintiff further alleges that "Defendant failed to pay the minimum wage to truck drivers for all work

---

[1] Plaintiff also alleges that, *inter alia*, Defendant's failure to pay wages for rest breaks was *willful* and *intended* to deprive putative class members of wages in violation of RCW 49.52.050 and, therefore, seeks additional "statutory double damages" pursuant to RCW 49.52.070 for in an "amount equal to the amount of wages unlawfully withheld…" *See* Exh. A (Complaint), ¶ 38 & Prayer for Relief, ¶ G. Plaintiff's Complaint alleges a separate cause of action for "Double Damages," by which he seeks "double damages" on *each* of his First, Second, and Third Causes of Action.

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 9
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

performed in addition to and outside the scope of the piece-rate pay …, including, but not limited to all detention time and all time associated with pre and post-trip inspections." *Id.*, ¶ 17; *see id.*, ¶ 16.

31. To that end, Plaintiff's Second Cause of Action seeks "no less than the applicable minimum wage" and avers that Defendant failed to "pay employees all wages to which employees are entitled." *Id.*, ¶¶ 40, 41. Based thereon, Plaintiff alleges that "Plaintiffs and Class Members … were not compensated for all worked [*sic*] performed, including, *but not limited to* all detention time and all time associated with pre and post-trip inspections." *Id.*, ¶ 42 (emph. added). Accordingly, Plaintiff's Complaint seeks recovery of unpaid wages "in the amounts to be determined at trial" for each day that Defendant allegedly failed to compensate Plaintiff and the putative class members for time spent on duty, but not driving. *See id.*, ¶¶ 16-18, 43 ("Defendant failed to pay … truck drivers for all work performed …. Simply put, Defendant did not compensate its truck drivers for rest periods and for all time worked during the Class Period as required by law.").

32. Based on Plaintiff's above-referenced allegations, the amount in controversy as to Plaintiff's Second Cause of Action can be calculated by multiplying the number of hours worked by Drivers while "on duty" but not driving during the period commencing three years preceding the filing of this action through March 15, 2019, by the Drivers' average effective regular rate of pay for that period—that is, the *unpaid* wages to which the Drivers claim to be entitled under Plaintiff's Second Cause of Action. *See* Exh. A (Complaint), Prayer for Relief, ¶ F; *see also id.*, ¶ 35 (alleging piece-rate workers entitled to regular rate of pay for rest break time). Based on this calculus, the amount in controversy for Plaintiff's Second Cause of Action is as follows:

| Average Hourly Rate | | Total Hours Worked On Duty, *Not* Driving | | Amount In Controversy |
|---|---|---|---|---|
| $22.13 | x | 39,169.93 | = | $866,830.55 |

33. Accordingly, the amount in controversy on Plaintiff's Second Cause of Action is *at least* **$866,830.55**.

---

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 10
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

***Third Cause of Action for Failure to Satisfy Wage Obligations Assumed Through Contract***

34.     Plaintiff's Third Cause of Action appears to flow from and be based upon his First and Second Causes of Action. Specifically, Plaintiff alleges that "Defendants [*sic*] … did not separately compensate Class Members for all worked [*sic*] performed, including, but not limited to, pre- and post-trip inspections, detention, delays, fueling, cleaning the truck, and loading and unloading." Exh. A (Complaint), ¶ 47. Based thereon, Plaintiff contends that "Defendant willfully withheld wages from Plaintiff and Class Members by allocating part of their mileage pay for those and other non-productive activities." *Id.*

35.     Plaintiff's Complaint alleges that, under the WRA, "it is unlawful for an employer to willfully withhold wages from an employee that were agreed to through a contract." *Id.*, ¶¶ 45-46. In other words, Plaintiff alleges that Defendant supposedly allocated Plaintiff's and other PCMs per-mile piece-rate compensation to *non*-driving tasks, in order to compensate Plaintiff's and other PCMs for those non-driving tasks, and, in so doing, paid Plaintiff and other PCMs *less* than the per-mile piece-rate at which Plaintiff and other PCMs agreed to be paid for *driving*. *See id.*, ¶¶ 44-48.

36.     Accordingly, Plaintiff's Complaint seeks recovery of "wages owed … in the amounts to be determined at trial" for each day that Defendant allegedly "allocat[ed] part of [Plaintiff's and other PCMs'] mileage page for [non-driving tasks]." *See id.*, ¶¶ 47-48. In other words, Plaintiff seeks to recover the amount of wages by which Plaintiff's and other PCM's per-mile wages *paid* in the preceding two years were purportedly *decreased* by Defendant's alleged allocation of a portion of those wages to Plaintiff's and other PCM's *non*-driving tasks to compensate them therefor.

37.     Based on the allegations of Plaintiff's Complaint and Defendant's above-summarized data, which show that the PCMs worked an average of 8.2 on duty hours per day, of which they drove an average of 6.8 hours per day, and spent an average of 1.4 hours per day on-duty, but not driving (i.e., 16.86% of all on duty hours worked), Defendant calculates the amount in controversy as follows:

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 11
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

| Total Per-Mile Wages Paid | | Percentage of On-Duty, Non-Driving Time | | Amount in Controversy |
|---|---|---|---|---|
| $4,084,176.65 | x | 16.86% | = | $688,592.18 |

38. Accordingly, the amount in controversy on Plaintiff's Third Cause of Action is *at least* **$688,592.18**.

*Fourth Cause of Action for Double Damages for Willful and Intentional Withholding of Wages*

39. Plaintiff's Fourth Cause of Action alleges that Defendant's failure to pay wages for time spent working on duty, but not driving, failure to pay for rest period time separate and apart from any piece rate, and withholding of wages "that were agreed to through a contract" (*i.e.*, the bases for Plaintiff's First, Second, and Third Causes of Action) was *willful* and with an intent to deprive employees of wages in violation of RCW 49.52.050.  *See* Exh. A (Complaint), ¶¶ 19, 38, 43, 48, 49-52.  Plaintiff's Fourth Cause of Action therefore seeks "double damages" pursuant to RCW 49.52.050, 070. *See id.* at ¶¶ 52 ("Plaintiff and Class Members are entitled to judgment for twice the amount of wages owed."); *see also Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 414-15 (9th Cir. 2018) ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious.").

40. Consequently, based on the allegations of Plaintiff's Complaint, Defendant calculates the amount in controversy on Plaintiff's Fourth Cause of Action as follows:

| First Cause of Action | | Second Cause of Action | | Third Cause of Action | | Amount in Controversy |
|---|---|---|---|---|---|---|
| $313,471.45 | + | $866,830.55 | + | $688,592.18 | = | $1,868,894.18 |

41. Accordingly, the amount in controversy on Plaintiff's Fourth Cause of Action is *at least* **$1,868,894.18**.

*Statutory Attorneys' Fees*

42. Plaintiff also seeks statutory attorneys' fees in connection with the causes of action

DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION - 12
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

alleged in the Complaint. *See* Exh. A (Complaint), Prayer for Relief, ¶ H (seeking "[a]ttorneys' fees … as allowed by law, including RCW 49.48.030 and 49.52.070"). Although Defendant disputes that Plaintiff is entitled to any attorneys' fees in this action, where attorneys' fees are sought in a complaint and authorized by statute, they are appropriately part of the calculation of the "amount in controversy" for purposes of removal. *See, e.g.*, *Fritsch v. Swift Transp. Co. of Arizona, LLC*, 899 F.3d 785, 794 (9th Cir. 2018); *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *see Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998) ("[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy."). Moreover, "a court ***must*** include **future** attorneys' fees recoverable by statute or contract when assessing whether the amount-in-controversy requirement is met." *Fritsch*, 899 F.3d at 794 (emph. added); *see also Chavez*, 888 F.3d at 414-15 ("[T]he amount in controversy is determined by the complaint operative at the time of removal and encompasses ***all*** relief a court may grant on that complaint if the plaintiff is victorious." (emph. added)).

43. The Court's own knowledge and experience in ruling on prevailing plaintiffs' motions for attorneys' fees in wage and hour cases such as this putative class action, as well as such awards in similar cases, demonstrate that it is "more likely than not" that Plaintiff is seeking an attorneys' fees award of ***at least* $1,300,000** if this case is litigated to judgment in a jury or bench trial.[2] *See, e.g.*, *Randolph v. Centene Mgmt. Co.*, 2016 WL 11257340 (W.D. Wash. Oct. 17, 2016) (Settle, J.) (approving $1,500,000 in attorneys' fees as part of settlement of action by nurses alleging (1) failure to pay overtime under federal law, (2) violations of the Washington Minimum Wage Act, (3) violations of the Washington Wage Rebate Act for willful refusal to pay wages under Wash. Rev. Code Ann. Sec. 49.52.050, and (4) other wage and hour claims under other state laws); *Alvarez v. IBP*, 2005 WL 3970800 (E.D. Wash. Dec. 20, 2005) (awarding $2,567,742 in attorneys' fees to plaintiffs' counsel following bench trial on class action claims by slaughterhouse employees under the Washington Minimum Wage Act for, *inter alia*, failure to pay overtime, failure to separately pay

---

[2] *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 13
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

for meal breaks, failure to provide rest breaks, and double damages); *Hill v. Garda CL Northwest, Inc.*, 2016 WL 9443776 (Wash. Super. Apr. 8, 2016) (awarding $1,187,846.99 in fees and costs following bench trial on issue of damages in class action by drivers and messengers for armored transportation service on claims stemming from missed and unpaid meal and rest breaks); *Ramirez v Precision Drywall, Inc.*, 2011 WL 7067524 (Wash. Super. Oct. 01, 2011), *vacated in part by Ramirez v. Precision Drywall, Inc.*, 164 Wash.App. 1031 (2011) (following jury trial on class action claims by drywall construction workers for unpaid overtime work, failure to provide rest and meal breaks, and unlawful deductions from employee wages, plaintiffs awarded $1,515,095 in attorneys' fees).[3]

### *Amount in Controversy*

44. Based on the foregoing, the amount in controversy on Plaintiff's First, Second, Third and Fourth Causes of Action, inclusive of statutory attorneys' fees, is *at least* **$5,037,788.36**, which exceeds the $5,000,000.00 CAFA threshold:

| **Cause of Action / Claim** | **Amount in Controversy** |
|---|---:|
| Unpaid Rest Breaks<br>First Cause of Action | $313,471.45 |
| On Duty, Not Driving<br>Second Cause of Action | $866,830.55 |
| Failure to Satisfy Wage Obligations<br>Third Cause of Action | $688,592.18 |
| Double Damages<br>Fourth Cause of Action | $1,868,894.18 |
| Statutory Attorneys' Fees<br>(Not Less Than) | $1,300,000.00 |
| **TOTAL AMOUNT IN CONTROVERSY:** | **$5,037,788.36** |

45. Defendant reserves the right to provide evidence as to the above calculations and all other amounts sought by Plaintiff in the Complaint should Plaintiff challenge or the Court question the amount in controversy.

---

[3] The **average award of attorneys' fees** in these four comparator cases is **$1,692,671.00**.

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 14
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

## IV. NO CAFA EXCEPTIONS APPLY

46. CAFA contains a number of exceptions to its grant of original jurisdiction. 28 U.S.C. §§ 1332(d)(3)-(5). However, none of these exceptions are applicable here.

47. The first is a discretionary exception based on the number of putative class members found in the state where the action was filed. *See* 28 U.S.C. § 1332(d)(3). However, the exception only applies where the "primary defendants are citizens of the State in which the action was originally filed." *See id.* Here, the action was originally filed in the Superior Court of the State of Washington and, as noted above, Defendant is *not* citizen of Washington; it is a citizen of Montana and Wisconsin. Thus, this exception does not apply.

48. Similarly, 28 U.S.C. § 1332(d)(4) contains two further exceptions to CAFA's grant of original jurisdiction based on the number of putative class members in the state in which the action was filed. However, these exceptions also apply ***only*** where all primary defendants, or at least one defendant, is a "citizen of the State in which the action was originally filed." *See* 28 U.S.C. §§ 1332(d)(4)(A)(i)(II), 1332(d)(4)(B). Given that this action was originally filed in Washington, and the Defendant is a Montana/Wisconsin citizen, these exceptions also do not apply.

49. Finally, 28 U.S.C. § 1332(d)(5) presents two additional exceptions applicable to actions where defendants are government entities, or in which the putative class contains less than 100 members in the aggregate. *See* 28 U.S.C. §§ 1332(d)(5)(A)-(B). Given that Defendant is not a governmental entity and Plaintiff has alleged that the membership of the putative class exceeds 100 members, these exceptions also do not apply.

## V. TIMELINESS OF REMOVAL

50. As set forth above, the Complaint was served on Defendant's agent for service of process on February 26, 2019. This Notice of Removal is timely in that it has been filed within thirty days of the date of service of the Complaint consistent with 28 U.S.C. §§ 1332(d), 1441(b), and 1446.

## VI. NOTICE TO PLAINTIFF

51. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Western District of Washington, written notice of such filing will be served on

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 15
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

1  Plaintiff's counsel of record: India Lin Bodien, India Lin Bodien, Attorney at Law, 2522 North
2  Proctor Street, #387, Tacoma, Washington 98406-5338; and Craig J. Ackermann, Brian Denlinger,
3  Ackermann & Tilajef, P.C., 2602 North Proctor Street, Suite 205, Tacoma, Washington, 98406.  In
4  addition, a copy of this Notice of Removal will be filed with the Clerk of the Court for the Superior
5  Court of the State of Washington in and for the County of Pierce.

6        WHEREFORE, having provided notice as is required by law, the above-entitled action should
7  be removed from the Superior Court of the State of Washington in and for the County of Pierce, to
8  this Court.

10  DATED:  March 28, 2019                           Respectfully submitted,

12                                                                          *s/ Kasey D. Huebner*
                                                                            Kasey D. Huebner, WSBA #32890
                                                                            MILLS MEYERS SWARTLING
13                                                                          1000 2nd Avenue, 30th Floor
                                                                            Seattle, WA  98104
14                                                                          Phone: 206.382.1000
                                                                            Fax:    206.386.7343
15                                                                          Email: khuebner@millsmeyers.com

16                                                                          Matthew C. Kane, *pro hac vice forthcoming*
                                                                            Amy E. Beverlin, *pro hac vice forthcoming*
17                                                                          MCGUIREWOODS LLP
                                                                            1800 Century Park East, 8th Floor
18                                                                          Los Angeles, CA 90067
19                                                                          Phone:  310.315.8200
                                                                            Fax:     310.315.8210
20                                                                          Email:  mkane@mcguirewoods.com
21                                                                                       abeverlin@mcguirewoods.com

22                                                                          Attorneys for Defendant WATKINS AND
                                                                            SHEPARD TRUCKING, INC.

28  DEFENDANT'S NOTICE OF REMOVAL                              MILLS MEYERS SWARTLING P.S.
    OF CIVIL ACTION - 16                                       1000 Second Avenue, 30th Floor
    CASE NO.                                                   Seattle, Washington 98104-1064
                                                               T. (206) 382-1000 | F. (206) 386-7343

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and will send a copy of the foregoing to the following:

| | |
|---|---|
| India Lin Bodien, Esq.<br>Law Offices of India Bodien, Esq.<br>2522 North Proctor Street, #387<br>Tacoma, WA 98406-5338<br>Tel: (253) 212-7913<br>india@indialinbodienlaw.com | Craig J. Ackermann, Esq.<br>Brian Denlinger, Esq.<br>Ackermann & Tilajef, P.C.<br>2602 North Proctor Street, #205<br>Tacoma, Washington 98406<br>Tel: (310) 277-0614<br>cja@ackermanntilajef.com<br>bd@ackermanntilajef.com |

I further certify that I mailed a true and correct copy of the foregoing to the following non-CM/ECF participant: N/A.

Executed on March 28, 2019, at Seattle, Washington.

*s/ Kendra Brown*
Kendra Brown, Legal Assisant

---

DEFENDANT'S NOTICE OF REMOVAL
OF CIVIL ACTION - 1
CASE NO.

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343