UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TOM DOTY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation, and DOES 1-10, inclusive,<br><br>Defendant. | Case No. 3:19-cv-05236-RBL<br><br>**STIPULATED MOTION AND ORDER STAYING CASE PENDING (1) WASHINGTON SUPREME COURT'S RESOLUTION OF CERTIFIED QUESTION IN *SAMPSON v. KNIGHT TRANSPORTATION, INC.* AND (2) NINTH CIRCUIT'S DECISION IN *INTERNATIONAL BROTHERS OF TEAMSTERS, LOCAL 2785 v. FMCSA*** |

STIPULATED MOTION AND ORDER STAYING CASE
CASE NO. 3:19-cv-05236-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

## RECITALS

**WHEREAS**, on or about February 25, 2019, Plaintiff TOM DOTY ("Plaintiff") filed the operative putative Class Action Complaint for Unpaid and Wrongfully Withheld Wages (the "Complaint") in this action in the Superior Court of the State of Washington in and for Pierce County [Dkt. #1-1 (Exh. A)];

**WHEREAS**, on March 28, 2019, Defendant WATKINS AND SHEPARD TRUCKING, INC. ("Defendant") removed Plaintiff's above-described state court action to this Court [Dkt. #1] invoking the subject matter jurisdiction of this Court under the Class Action Fairness Act ("CAFA"), which the parties agree is properly invoked in this action;

### PLAINTIFF'S PUTATIVE ON-DUTY, NOT-DRIVING CLAIMS

**WHEREAS**, in his Complaint, Plaintiff alleges, *inter alia*, that in *Carranza v. Dovex Fruit Co.*, 190 Wash.2d 612 (2018) ("*Carranza*"), the Washington Supreme Court "held that employers who pay agricultural workers on a piece-rate basis must compensate the workers on a separate hourly basis for time spent performing activities that are outside the scope of the piece rate picking work" and that "Defendant's piece-rate compensation system is virtually indistinguishable from the piece rate scheme in *Carranza*" [Dkt. #1-1, ¶ 16];

**WHEREAS**, in his Complaint, Plaintiff further alleges that, in *Sampson v. Knight Transportation, Inc.*, 2018 WL 2984825, at *8-9 (W.D. Wash. June 14, 2018) (Coughenour, J.), the court "recogniz[ed] that while … non-productive time claims were previously denied [class] certification" and the grounds that such claims were not cognizable under Washington law, the court's prior holdings were "called into question by the Washington Supreme Court's recent ruling in *Caranza* [*sic*]" [Dkt. #1-1, ¶ 16];

**WHEREAS**, based upon Plaintiff's interpretation of *Carranza* and *Sampson*, the Complaint asserts causes of action for (1) Violations of RCW 49.46.020, 090 for Failure to Pay Minimum Wage for All Hours Worked, (2) Violation of RCW 49.52.050(2) for Failure to Satisfy Wage Obligations Assumed Through Contract, and (3) Double Damages for Willful and Intentional Withholding of Wages Pursuant to RCW 49.52.050, 070 stemming therefrom [*id.*, ¶¶ 39-52];

STIPULATED MOTION AND ORDER STAYING
CASE - 2
CASE NO. 3:19-cv-05236-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

1   **WHEREAS**, in support of his Second and Third Causes of Action, Plaintiff alleges that "Defendant paid its truck drivers on a piece-rate scheme under which it did not compensate truck drivers separately and hourly, or at all, for … non-driving tasks as required under Washington law," including, but not limited to, "all detention time and time associated with pre and post-trip inspections," and asserts that "Plaintiff seeks relief on a class-wide basis for unpaid wages for … all work performed" [*id.*, ¶¶ 2-3; *see also id*, at ¶¶ 13, 16-17, 42, 47];

**WHEREAS**, in *Sampson*, 2018 WL 2984825, at *8, currently pending but stayed in this District, the plaintiffs similarly contend that the defendant's piece-rate compensation scheme violates Washington's Minimum Wage Act (the "MWA") because "drivers are not paid minimum wage for the time they spend conducting pre-trip inspections, completing paperwork, loading and unloading the truck, and refueling";

**WHEREAS**, in *Sampson*, 2018 WL 2984825, at *9, the Court recognized that "[c]ourts in this district … have previously held that Plaintiffs' on-duty, not driving claim are not cognizable under Washington law," but it reasoned that "these prior holdings are called into question by the Washington Supreme Court's recent ruling in [*Carranza*]," on the grounds that the Washington Supreme Court's "interpretation of the MWA would seem to apply to all employers," not just agricultural workers;

**WHEREAS**, the district court in *Sampson* "conclude[d] that the law underlying Plaintiffs' on duty, not driving claim is not clearly determined, and that the Washington Supreme Court is in a better position than this Court to answer this question," *see id.*, and therefore certified the following question to the Washington Supreme Court: "Does the Washington Minimum Wage Act require non-agricultural employers to pay their piece-rate employees per hour for time spent performing activities outside of piece-rate work?";

**WHEREAS**, briefing on the district court's certified question in *Sampson* has been completed in the Washington Supreme Court as of December 21, 2018, and the Washington Supreme Court has scheduled *Sampson* for oral argument for May 16, 2019, and has not rendered its decision in that proceeding;

STIPULATED MOTION AND ORDER STAYING
CASE - 3
CASE NO. 3:19-cv-05236-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

**WHEREAS**, the parties agree that the Washington Supreme Court's resolution of the question certified in *Sampson* could directly impact the disposition of Plaintiff's claims asserted in this action, which assert an on-duty, not driving time unpaid wages claim similar to that asserted by the plaintiffs in *Sampson*;

### PLAINTIFF'S PUTATIVE REST BREAK CLAIMS

**WHEREAS**, in his Complaint, and relying on *Demetrio v. Sakuma Bros., Inc.*, 183 Wash.2d 649 (2015, and the district court's Order Regarding the Certification of Questions to the Washington Supreme Court in *Carranza v. Dovex Fruit Co.*, Case No. 2:16-cv-00054-SMJ (E.D. Wash. Jan. 19, 2017) [Dkt. #38], Plaintiff also alleges that, "[u]nder Washington law, employers paying employees on a piece-rate scheme must pay workers for rest periods separate and apart from the piece" [Dkt. #1-1, ¶ 14];

**WHEREAS**, based upon Plaintiff's interpretation of *Demetrio* and *Carranza*, the Complaint asserts an "Implied Cause of Action" under RCW 49.12, *et seq.*, for alleged failure to pay hourly and separate wages for time spent on statutory rest periods separate and apart from and in addition piece-rate pay and seeks double damages for alleged willful and intentional withholding of wages pursuant to RCW 49.52.050, 070 stemming therefrom [*id.*, ¶¶ 29-38, 49-52];

**WHEREAS**, on or about December 21, 2018, the Federal Motor Carrier Safety Administration ("FMCSA") issued an Order granting the American Trucking Associations' and the Specialized Carriers and Rigging Association's petition requesting a determination that California's meal and rest break rules are preempted under 39 U.S.C. § 31141 as applied to property-carrying commercial motor vehicle ("CMV") drivers, which differed from an earlier decision it had made in 2008 that: "FMCSA cannot entertain this petition. Because the California meal and rest break rules are not "regulations on commercial motor vehicle safety," the Agency has no authority to preempt them under 49 U.S.C. 31141";[1]

---

[1] *See Notice of Rejection of Petition for Preemption*: "Meal and Rest Breaks for Commercial Motor Vehicle Drivers," 73 Federal Register 79204-01 (FMCSA, Dec. 24, 2008), *available at* https://www.govinfo.gov/content/pkg/FR-2008-12-24/pdf/E8-30646.pdf.

STIPULATED MOTION AND ORDER STAYING CASE - 4
CASE NO. 3:19-cv-05236-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

**WHEREAS**, the FMCSA's December 21, 2018 Order also noted that "20 States in addition to California regulate, in varying degrees, meal and rest break requirements," including Washington;[2]

**WHEREAS**, on December 27, 2018, the International Brotherhood of Teamsters ("IBT") filed a Petition for Review of the FMCSA's December 21, 2018 Order in the U.S. Court of Appeals for the Ninth Circuit, requesting the court review and reverse the FMCSA's preemption decision, which matter has since been consolidated with three other pending appeals against the FMCSA and the U.S. Department of Transportation ("DOT") involving the FMCSA's preemption decision (9th Cir. Case No. 18-73488, Dkt. No. 19) by joint motion of the parties;

**WHEREAS**, pursuant to that same Joint Motion, the parties' in the consolidated actions have agreed that petitioners' opening briefs will be filed on April 29, 2019, and the FMCSA and DOT will file their answering briefs on May 28, 2019 (9th Cir. Case No. 18-73488, Dkt. No. 19);

**WHEREAS**, the parties agree that the FMCSA's December 21, 2018 Order's validity, significance, potential application to other states, and prospective versus retroactive applicability are all disputed legal issues, some of which may be resolved through the Ninth Circuit's resolution of IBT's Petition for Review, including without limitation the parties' disputed issues of whether and to what extent the FMCSA's December 21, 2018 Order is applicable and/or its temporal effectiveness in relation to Washington's rest break laws, and whether and to what extent Washington's rest break laws are preempted by the FMCSA's hours of service regulations;

* * *

**WHEREAS**, the parties' agree that a stay of this case pending (1) the Washington Supreme Court's resolution of the certified question in *Sampson v. Knight Transportation, Inc.* (Wash. S.Ct. Case No. 96264-2), which could bear directly upon Plaintiff's putative "on-duty, not driving" time unpaid wages claims in this action, and (2) the Ninth Circuit's decision *International Brotherhood of Teamsters, Local 2785 v. FMCSA*, 9th Cir. Lead Case No. 18-73488, regarding the FMCSA's

---

[2] *Id.* at pp. 37-38 & nn.13, 15.

STIPULATED MOTION AND ORDER STAYING CASE - 5
CASE NO. 3:19-cv-05236-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

December 21, 2018 Order, which could bear directly upon Plaintiff's putative rest break claims, would be prudent and efficient for both the Court and the parties, but with a full reservation, and without waiver or limitation, of the parties' respective rights, claims, remedies, defenses, and positions in this action including as to the issues recited above.

## STIPULATION

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between Plaintiff, on the one hand, and Defendant, on the other hand, by and through their respective undersigned counsel, and subject to the Court's approval, that:

1. This Court has subject matter jurisdiction over this action under CAFA;

2. The dates set forth in the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement [Dkt. #8] and all other deadlines currently set in this action be vacated, including without limitation Plaintiff's deadline to move for class certification under LCR 23(i)(3);

3. This action be stayed, in its entirety and for all purposes, pending the Washington Supreme Court's decision on the certified question in *Sampson v. Knight Transportation, Inc.*, Wash. S.Ct. Case No. 96264-2, and the Ninth Circuit's decision *International Brotherhood of Teamsters, Local 2785 v. FMCSA*, 9th Cir. Case No. 18-73488 ("*IBT*"), on the International Brotherhood of Teamsters' Petition for Review of the FMCSA's Order granting a determination of preemption;

4. Within fourteen (14) days of the Washington Supreme Court's decision in *Sampson* and/or the Ninth Circuit's decision in *IBT*, whichever decision is issued first, the parties shall file a joint status report with the Court that (1) informs the Court regarding that court's decision and (2) sets forth the parties' respective and/or collective positions as to whether the stay should remain in effect pending a decision in the other action;

   a. If the parties agree that the stay should be lifted after the first-issued decision, the parties' joint status report shall also provide the Court with agreed-upon and/or proposed deadlines for [i] Defendant to respond to the complaint by answer, motion, or otherwise; [ii] Plaintiff to move for class certification under

STIPULATED MOTION AND ORDER STAYING CASE - 6
CASE NO. 3:19-cv-05236-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

| | |
|---|---|
| 1 | Fed. R. Civ. P. 23; and [iii] initial disclosures and submission of the parties' |
| 2 | Joint Status Report and Discovery Plan. |

        b.     If the parties agree that the stay should not be lifted after the first-issued decision, the parties' joint status report shall be submitted within fourteen (14) days following the second-issued decision and shall provide the Court with agreed-upon and/or proposed deadlines for [i] Defendant to respond to the complaint by answer, motion, or otherwise; [ii] Plaintiff to move for class certification under Fed. R. Civ. P. 23; and [iii] initial disclosures and submission of the parties' Joint Status Report and Discovery Plan.

     5.     Unless otherwise ordered by the Court in response to the parties' joint status report as referenced above, (a) Defendant's 21-day deadline to respond to the complaint by answer, motion, or otherwise, and (b) Plaintiff's presumptive deadline under LCR 23(i)(3) to move for class certification, will commence running upon the Court lifting the stay of this action. In the event this Stipulated Motion is not granted by the Court, then those deadlines will commence running upon the Court's entry of its Order to that effect.

///
///
///
///
///
///
///

STIPULATED MOTION AND ORDER STAYING CASE - 7
CASE NO. 3:19-cv-05236-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

1    6.   By entering into and submitting this Stipulated Motion, the parties fully reserve, and
2    do not waive or limit, their respective rights, claims, remedies, defenses, and positions in this action,
3    including as to the issues recited above.

DATED:  April 4, 2019                                    Respectfully submitted,

*s/ India Lin Bodien*                                    *s/ Kasey D. Huebner*

**Per electronic authority 04/04/19**                    Kasey D. Huebner, WSBA #32890
India Lin Bodien, WSBA #44898                            MILLS MEYERS SWARTLING
Law Offices of India Bodien, Esq.                        1000 2nd Avenue, 30th Floor
2522 North Proctor Street, #387                          Seattle, WA  98104
Tacoma, WA 98406-5338                                    Phone:  206.382.1000
Tel:    (253) 212-7913                                   Fax:    206.386.7343
Email: india@indialinbodienlaw.com                       Email:  khuebner@millsmeyers.com

Craig J. Ackermann, WSBA #53330                          Matthew C. Kane, *pro hac vice forthcoming*
Brian Denlinger, WSBA #53177                             Amy E. Beverlin, *pro hac vice forthcoming*
ACKERMANN & TILAJEF, P.C.                                MCGUIREWOODS LLP
1180 South Beverly Drive, Suite 610                      1800 Century Park East, 8th Floor
Los Angeles, California 90035                            Los Angeles, CA 90067
Phone: (310) 277-0614                                    Phone: 310.315.8200
Fax:    (310) 277-0635                                   Fax:    310.315.8210
Email:  cja@ackermanntilajef.com                         Email:  mkane@mcguirewoods.com
        bd@ackermanntilajef.com                                  abeverlin@mcguirewoods.com

Attorneys for Plaintiff                                  Attorneys for Defendant
TOM DOTY                                                 WATKINS AND SHEPARD TRUCKING, INC.

---

STIPULATED MOTION AND ORDER STAYING                      MILLS MEYERS SWARTLING P.S.
CASE - 8                                                 1000 Second Avenue, 30th Floor
CASE NO. 3:19-cv-05236-RBL                               Seattle, Washington 98104-1064
                                                         T. (206) 382-1000 | F. (206) 386-7343

## ORDER

This matter came before the Court on the parties' Stipulated Motion Staying Case Pending (1) Washington Supreme Court's Resolution of Certified Question in *Sampson v. Knight Transportation, Inc.* and (2) Ninth Circuit's Decision in *International Brotherhood of Teamsters, Local 2785 v. FMCSA* and (the "Stipulated Motion"). The Court, having reviewed the Stipulated Motion, and good cause appearing for the relief sought therein, hereby orders as follows:

1. This Court has subject matter jurisdiction over this action under CAFA;

2. The dates set forth in the Court's Order Regarding Initial Disclosures, Joint Status Report, and Early Settlement [Dkt. #8] and all other deadlines currently set in this action shall be and hereby are vacated, including without limitation Plaintiff's deadline to move for class certification under LCR 23(i)(3);

3. This action shall be and hereby is stayed, in its entirety and for all purposes, pending the Washington Supreme Court's decision on the certified question in *Sampson v. Knight Transportation, Inc.*, Wash. S.Ct. Case No. 96264-2, and the Ninth Circuit's decision in *International Brotherhood of Teamsters, Local 2785 v. FMCSA*, 9th Cir. Lead Case No. 18-73488 ("*IBT*");

4. Within fourteen (14) days of the Washington Supreme Court's decision in *Sampson* and/or the Ninth Circuit's decision in *IBT*, whichever decision is issued first, the parties shall file a joint status report with the Court that (1) informs the Court regarding that court's decision and (2) sets forth the parties' respective and/or collective positions as to whether the stay should remain in effect pending a decision in the other action;

   a. If the parties agree that the stay should be lifted after the first-issued decision, the parties' joint status report shall also provide the Court with agreed-upon and/or proposed deadlines for [i] Defendant to respond to the complaint by answer, motion, or otherwise; [ii] Plaintiff to move for class certification under Fed. R. Civ. P. 23; and [iii] initial disclosures and submission of the parties' Joint Status Report and Discovery Plan.

STIPULATED MOTION AND ORDER STAYING CASE - 9
CASE NO. 3:19-cv-05236-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343

    b. If the parties agree that the stay should not be lifted after the first-issued decision, the parties' joint status report shall be submitted within fourteen (14) days following the second-issued decision and shall provide the Court with agreed-upon and/or proposed deadlines for [i] Defendant to respond to the complaint by answer, motion, or otherwise; [ii] Plaintiff to move for class certification under Fed. R. Civ. P. 23; and [iii] initial disclosures and submission of the parties' Joint Status Report and Discovery Plan.

  5. Unless otherwise ordered by the Court in response to the parties' joint status report as referenced above, (a) Defendant's 21-day deadline to respond to the complaint by answer, motion, or otherwise, and (b) Plaintiff's presumptive deadline under LCR 23(i)(3) to move for class certification, will commence running upon the Court lifting the stay of this action.

  6. The parties' entering into and submission of this Stipulated Motion is without waiver or limitation of their respective rights, claims, remedies, defenses, and positions in this action, including as to the issues recited therein.

**IT IS SO ORDERED.**

DATED this 5th day of April, 2019.

*Ronald B. Leighton*
Ronald B. Leighton
United States District Judge

STIPULATED MOTION AND ORDER STAYING CASE - 10
CASE NO. 3:19-cv-05236-RBL

MILLS MEYERS SWARTLING P.S.
1000 Second Avenue, 30th Floor
Seattle, Washington 98104-1064
T. (206) 382-1000 | F. (206) 386-7343