1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TOM DOTY, individually and on behalf of
all others similarly situated,

                Plaintiff,

      v.

WATKINS AND SHEPARD TRUCKING
INC.,

                Defendant.

CASE NO. 3:19-cv-05236-JHC

ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT

This matter comes before the Court on Plaintiff's Unopposed Motion for Preliminary

Approval of Class Action Settlement.  Dkt. # 25.  The Court has considered the motion and the

Parties' Settlement Agreement ("Agreement"), which sets forth the terms and conditions for a

proposed settlement of the Action.  Dkt. # 26–1.  Being fully advised, the Court orders as

follows:

        1.      Based on the record, the Court tentatively finds, under Federal Rule of Civil

Procedure 23(e), that the Agreement is fair, reasonable, and adequate.  The Court finds that: (a)

the Agreement resulted from extensive arm's length negotiations; (b) there is no evidence at this

stage of the proceedings of fraud, collusion, or overreaching or that the rights of any absent Class

Member were disregarded; and (c) counsel has sufficient experience in similar litigation to

ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 1

1   propose the Agreement.  The Court's preliminary approval is subject to change pending the

2   outcome of the final settlement approval hearing ("Fairness Hearing") established herein.

3       2.      The Court preliminarily finds that the prerequisites for a class action under Rule

4   23(a) have been satisfied in that: (a) the number of Settlement Class Members is so numerous

5   that joinder of all members thereof is impracticable; (b) there are questions of law and fact

6   common to the Settlement Class Members; (c) the claims of the Class Representatives are typical

7   of the claims of the Settlement Class Members; and (d) the Class Representatives will fairly and

8   adequately represent the interests of the Settlement Class Members.

9       The Court also preliminarily finds the prerequisites for class certification under Rule

10  23(b)(3) have been satisfied in that: (i) questions of law and fact common to the Settlement Class

11  Members predominate over any questions affecting only individual Settlement Class Members;

12  and (ii) a class action is superior to other available methods for the fair and efficient adjudication

13  of the controversy.

14      Accordingly, the Court grants the Parties' request for certification of the following

15  settlement Class for the sole and limited purpose of implementing the terms of the Settlement

16  Agreement, subject to this Court's final approval:

17      All individuals who (1) resided in Washington State, (2) held Washington
        State Commercial Driver's Licenses, (3) were employed by Defendant,
18      (4) in the position of truck driver, (5) and who were paid, in whole or in part,
        on a per-mile piece-rate basis (or any other piece-rate basis), (6) at any time
19      from February 25, 2016 through November 17, 2020 (collectively,
        "Class Members").

20      3.      The Court preliminarily appoints Plaintiff's counsel, Craig Ackermann and Brian

21  W. Denlinger of Ackermann & Tilajef, P.C. and India Lin Bodien of India Lin Bodien, Attorney

22  at Law, as Class Counsel for the settlement Class, and Plaintiff Tom Doty as Class

23  Representative for the settlement Class.

24  ORDER GRANTING PLAINTIFF'S
    UNOPPOSED MOTION FOR
    PRELIMINARY APPROVAL OF CLASS
    ACTION SETTLEMENT - 2

4.      The Court confirms Atticus Administration, LLC as the Settlement Administrator.

5.      Except for the edits noted below, the Court finds that the proposed Class Notice, attached to the Agreement as Exhibit A, meets the requirements of Federal Rule of Civil Procedure 23, due process, and applicable law in that it fairly and adequately describes the terms of the Agreement, including the attorney fees and costs sought by Class Counsel and Named Plaintiff's ability to seek Incentive Awards; gives notice of the time and place of the Fairness Hearing; and describes how a Class Member may comment on, object to, or support the Agreement.  The Court approves the procedure for Class Members to opt out of, and to object to, the Settlement as set forth in the Settlement Agreement and the Class Notice.

6.      The Court directs the mailing of the Class Notice by first class mail to the Class Members in accordance with the schedule set forth below.  The Court finds the dates selected for the mailing and distribution of the Notice, as set forth below, meet the requirements of due process and provide the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

7.      Within 30 calendar days of this Order, the Defendant shall provide class data to the Settlement Administrator.  Dkt. # 26–1 at ¶ 41.

8.      Within 15 calendar days after the Settlement Administrator receives the class data from the Defendant, the Settlement Administrator will mail the Notice to Class Members.  Dkt. # 26–1 at ¶ 44.

9.      Class Members will have 45 calendar days after the Notice mailing date (the "Response Deadline") to submit a written Request for Exclusion, to challenge their Piece Rate Earnings, and/or to file an objection to the Settlement.  Dkt. # 26–1 at ¶¶ 46–49.  Class Members

ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 3

will also have an opportunity to object to the motion for attorney fees, litigation costs, and incentive awards described below.

10.     Within 15 days after the close of business on the Response Deadline, the Settlement Administrator will provide to Class Counsel and Defendant's Counsel a declaration including a statement of due diligence and proof of mailing of the Class Notice and Share Form, and a statement as to the number of opt-outs received.  Dkt. # 26–1 at ¶ 52.

11.     A Fairness Hearing to consider whether the proposed Agreement is fair, reasonable, and adequate and should be finally approved is scheduled for **September 27, 2022, at 9:00 a.m.** at the United States Courthouse, 700 Stewart Street, Suite 14106/Courtroom 14A, Seattle, WA 98101.

12.     Class Counsel shall file any motion for an award of attorney fees or reimbursement of expenses or costs and any motion for an Incentive Award on behalf of a Named Plaintiff no later than **August 16, 2022.**  Class counsel shall mail the motion to all Class Members within three calendar days of its filing with the Court.

13.     A Motion for Final Approval of the Agreement, together with any supporting declarations or other documentation, must be filed no later than **September 20, 2022.**  Class Counsel shall also mail the Motion for Final Approval to all Class Members who object to the Agreement or indicate that they intend to appear at the Fairness Hearing.

14.     Pending final determination of whether the Agreement should be approved, (a) all proceedings in this Action unrelated to the Agreement shall be stayed, and (b) neither Named Plaintiff nor any Class Member, either directly, representatively, derivatively, or in any other capacity, shall commence or prosecute against any of the Releasees any action or proceeding in any court or tribunal asserting any of the Class Released Claims.

ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 4

15.     The Court reserves the right to adjourn the date of the Fairness Hearing without further notice to Class Members, and it retains jurisdiction to consider all further applications arising out of or connected with the Agreement.  The Court may approve the Agreement, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Class Members.

The Court further ORDERS that the parties to submit, within four (4) court days of this order, a revised Notice that includes the updated case number for this matter of 3:19-cv-05236-JHC.  The revised Notice should also specify that the case is currently pending in the United District Court for the Western District of Washington at Seattle.  Lastly, the Court instructs the parties to add the following language to the Notice under Section IV. B.:

> Class counsel may apply for fees of up to $15,000.00 under the settlement. Named Plaintiffs may apply for incentive awards of up to $5,000.00 under the settlement.  The motion requesting fees, costs, and incentive awards will be filed with this Court by August 16, 2022 and then mailed to you directly on or before August 19, 2022.  You are permitted to review, object to, support, or comment on any request for attorney fees, litigation costs, and incentive awards, in addition to objecting to the proposed settlement agreement, by [Response Deadline].

After the Court approves the revised Notice, it may be mailed to Class Members in compliance with the schedule set forth above.

It is so ORDERED this 16th day of June, 2022.

John H. Chun
United States District Judge

ORDER GRANTING PLAINTIFF'S
UNOPPOSED MOTION FOR
PRELIMINARY APPROVAL OF CLASS
ACTION SETTLEMENT - 5