1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

THE HONORABLE JOHN H. CHUN
HEARING DATE: SEPTEMBER 27, 2022
MOVING PARTY

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

TOM DOTY, individually and on behalf of all others similarly situated,

Plaintiff,

v.

WATKINS AND SHEPARD TRUCKING, INC., a Montana corporation,

Defendant.

Case No.: **3:19-cv-05236-JHC**

**PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Date: September 27, 2022
Time: 9:00 a.m.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-cv-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## TABLE OF CONTENTS

I.    INTRODUCTION..................................................................................................1

II.   THE NOTICE PROCESS HAS BEEN SUCCESSFULLY COMPLETED .............2
      A. Dissemination of Notice Packets and Fees Motion...………………….......2
      B. Motion for Attorneys' Fees, Costs, Expenses and Incentive Award………..2
      C. No Objections and No Opt-outs...................................................................3
      D. Piece Rate Earnings Challenges……………………...…………………3

III.  TERMS OF THE SETTLEMENT...................................................................3
      A. Gross Settlement Amount ...........................................................................3
      B. Class Definition and Class Period ..............................................................3
      C. Class Member Response Deadlines .............................................................4
      D. Class Counsel's Attorneys' Fees and Costs…………………………….....4
      E. Class Representative Incentive Award ........................................................4
      F. Settlement Administration Costs.................................................................4

IV.   THE SETTLEMENT SHOULD BE FINALLY APPROVED...................................4

A.    The Settlement Satisfied the Requirements of Fed. R. Civ. P. 23...................................4

B.    The Settlement is Fair, Reasonable and Adequate ............................................................5
      1. The Parties Engaged in Arm's Length Negotiations ......................................6
      2. Significant Discovery and Investigation.........................................................6
      3. Class Counsel's Opinion..................................................................................7
      4. The Settlement is Unanimously Supported by the Class  …………………8

V.    CONCLUSION ........................................................................................................9

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-cv-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1

## **TABLE OF AUTHORITIES**

2

**CASES**

3

*Barani v. Wells Fargo,*
  No. 12CV2999-GPC (KSC), 2014 U.S. Dist. LEXIS 49838 (S.D. Cal. Apr. 9, 2014) ........... 6

*Hanlon v. Chrysler Corp.*,
  150 F.3d 1011 (9th Cir. 1998) .......................................................................... 4-5, 6, 8

*Hughes v. Microsoft Corp.,*
  No. C98-1646C, C93-0178C, 2001 U.S. Dist. LEXIS 5976 (W.D. Wash. Mar. 26, 2001) .... 5

*In re Mego Fin. Corp. Sec. Litig.*,
   213 F.3d 454 (9th Cir. 2000) ...................................................................................... 8

*In re Mercury Interactive Corp. Sec. Litig.*,
  618 F.3d 988 (9th Cir. 2010). ..................................................................................... 2

*International Brotherhood of Teamsters, Local 2785 v. FMCSA,* 9th Cir. Case No. 18-73488

  (Jan. 15 2021)*,* ..........................................................................................................8

*Lewis v. Starbucks Corp.,*
  No. 2:07-cv- 00490-MCE, 2008 U.S. Dist. LEXIS 83192 (E.D. Cal. Sept. 11, 2008) ........... 6

*Rodriguez v. West Publishing Corp.,*
  Case No. CV-05-3222 R (MCx), 2007 U.S. Dist. LEXIS 74849 (C.D. Cal. Sept. 10, 2007)..5

*Sampson  v. Knight Transp., Inc.,*

   193 Wn..2d 878 (Wash. Sept. 5, 2019) ................................................................... 7-8

*Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *Rannis v. Recchia*, 380 Fed.Appx.
  646, 650 (9th Cir. 2010)………………………………………………………………..2

*Staton v. Boeing Co.*,
  327 F. 938 (9th Cir. 2003) ....................................................................................... 4-5

*Trescott  v. FMCSA*,
  U.S. Sup. Crt. Case No. 20-1662 (Oct. 4. 2021).................................................... 8

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ii

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-cv-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Williams v. Costco Wholesale Corp.*,
  No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 67731 (S.D. Cal. Jul. 7, 2010) ................ 2

**DOCKETED CASES**

*Ayala v. Olsen Brothers Ranches, Inc.*,
  Case No. 17-2-01046-1 (Wash. Sup. Ct. Benton Cty. July 27, 2018)………………………..7

*Garcia v. Frosty Ridge Orchards, LLC,*
  Case No. 17-2-00224-39 (Wash. Sup. Ct. Yakima Cty. Jan. 19, 2018)……………………...7

*Hernandez v. Taylor Shellfish Company, Inc.*,

  Case No. 18-2-00524-29 (Wash. Sup. Ct. Skagit Cty. June 7, 2019)………………………...7

*Perez-Hernandez v. Oasis Farms, Inc.*,
  Case No. 17-2-00749-5 (Wash, Sup. Ct. Benton Cty. Jan. 12, 2018)…. ..............................7

**RULES**

Fed. R. Civ. P. 23 ...............................................................................................................4

**TREATISES**

*Newberg on Class Actions* § 13.50 (5th ed.)................................................................ 6

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-cv-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

## I.  **INTRODUCTION**

Plaintiff Tom Doty ("Plaintiff") respectfully moves the Court for a final order approving the Class Action Settlement Agreement ("SA") reached with Defendant Watkins and Shepard Trucking, Inc. ("Defendant" or "Watkins"). The Settlement created a $50,000.00 gross fund, from which Class Counsel's attorneys' fees and costs, the Class Representative Incentive Award, and Settlement Administration costs are deducted, to create a Net Settlement Amount of $22,500. Because no Class Members opted out of the Settlement, all 90[1] Class Members will be paid out of the Net Settlement Amount based on their Piece Rate Earnings earned during the class period. SA ¶¶ 13, 39(b).

Following a comprehensive notice process, including mailing of the Court-approved Class Notice and Plaintiff's Motion for Attorneys' Fees and Costs ("Fees Motion") by the court-appointed settlement administrator to 90 Class Members, ***not a single Class Member has objected to the Settlement, and no Class Members opted out***. See Declaration of Bryn Bridley (on behalf of Atticus Administration, LLC) with Respect to Notice Dissemination and Settlement Administration ("Bridley Decl.) ¶¶ 4-10. Because no Class Members requested exclusion from the Settlement, all 90 Class Members will receive their pro-rated share of the Net Settlement Amount of $22,500.00. The average estimated settlement payment to the Class Members is $250.00, and the highest individual settlement payment is estimated to be $1,020.24. *Id.* ¶ 13.

The positive reaction of the Class and complete lack of any objectors or opt-outs clearly supports the Court's finding at Preliminary Approval that the Settlement is fair, adequate, and reasonable. Accordingly, Plaintiff respectfully requests the Court grant final approval of the Settlement.

///

///

///

---

[1] At the time that the parties entered into the SA, Defendant estimated that there were 115 class members. Subsequently, Defendant confirmed that there are 90 class members.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-CV-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

II.    **THE NOTICE PROCESS HAS BEEN SUCCESSFULLY COMPLETED**

    A.    **Dissemination of Notice Packets and Fees Motion**

In compliance with the Court's Order Granting Preliminary Approval (Dkt. No. 32), on July 7, 2022, Defendant provided the Settlement Administrator with a list containing names, last known address, telephone number, social security number, and annual pay and miles logged for each of the years 2016-2020 for each Class Member. Bridley Decl., ¶ 4. The Settlement Administrator performed a search for updated addresses; and subsequently, on July 22, 2022, the Settlement Administrator mailed the court-approved Notice Packets to the 90 Class Members. *Id.* ¶ 7.

Of the 90 Notice packets mailed to Class Members, 27 were returned without a forwarding address. *Id.* ¶ 8. The Settlement Administrator promptly performed an address trace and re-mailed 26 of the 27 returned Notice Packets to updated addresses. *Id.* In the end, only four notice packets were deemed undeliverable. *Id.* As a result, 85 of the 90 Participating Class Members (i.e., 94.4%) have received actual notice of the Settlement.[2]

Pursuant to and in compliance with paragraph 12 of the Court's Order Granting Preliminary Approval, the Settlement Administrator also sent a copy of Plaintiff's Fees Motion with a cover letter to all 90 Participating Class Members on August 17, 2022. *Id.* ¶ 9, Exhibit B.

    B.    **Motion for Attorneys' Fees, Costs, Expenses and Incentive Award**

Following mailing of the Notice Packets, Class Members had forty-five (45) days (i.e., until September 6, 2022) to opt-out or object to the Settlement. SA ¶ 46; Bridley Decl., ¶ 10. This gave the Class ample opportunity to review and prepare objections to the requested fees, costs, or the Class Representative Incentive Award. *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 993 (9th Cir. 2010). ***No Class Member objected to the requested attorneys' fees, costs, or incentive award***. Bridley Decl., ¶ 10.

---

[2] Under the rules and law governing class actions, reasonable efforts must be made to reach all class members through the notice plan for distribution of the Class Notice, but each individual in the Class need not actually receive the Class Notice (which is often impossible and/or impracticable). *See Silber v. Mabon*, 18 F.3d 1449, 1454 (9th Cir. 1994); *Rannis v. Recchia*, 380 Fed.Appx. 646, 650 (9th Cir. 2010).

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-CV-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720  F: (253) 276-0081

### C.    No Objections and No Opt-outs

The Notice provided detailed instructions on how to opt out or object, and provided a September 6, 2022 deadline to do so. Bridley Decl., ¶ 10. ***Not a single Class Member submitted an objection***. *Id*. In addition, no Class Members opted out by the Response Deadline. *Id.* Such unanimity of approval is a strong sign that the Settlement terms are fair, reasonable and adequate. *See Williams v. Costco Wholesale Corp.*, No. 02cv2003 IEG (AJB), 2010 U.S. Dist. LEXIS 67731, at *13 (S.D. Cal. Jul. 7, 2010) ("The absence of any objector strongly supports the fairness, reasonableness, and adequacy of the settlement.").

### D.    Piece Rate Earnings Challenges

The Notice also provided detailed instructions on how Class Members could challenge the Piece Rate Earnings data included in their Share Forms. No Class Members submitted valid disputes. Bridley Decl., ¶¶ 7, 10.

### III.    <u>TERMS OF THE SETTLEMENT</u>

A summary of the Settlement terms are as follows:

**A.    <u>Gross Settlement Amount</u>** – Watkins will pay $50,000.00 (the "Gross Settlement Amount"). After the Court-approved deductions from the Gross Settlement Amount, including attorneys' fees (up to $15,000.00), costs ($2,500.00), the incentive award for the Class Representative ($5,000.00), and settlement administration costs ($5,000.00), $22,500.00 (the "Net Settlement Amount") will be available to pay the Class Members ("Individual Settlement Payments"). SA ¶ 13; Bridley Decl., ¶ 11.

**B.    <u>Class Definition and Class Period</u>** – The Court's Order Granting Preliminary Approval defines the Class as "All individuals who (1) resided in Washington State, (2) held Washington State Commercial Driver's Licenses, (3) were employed by Defendant, (4) in the position of truck driver, (5) and who were paid, in whole or in part, on a per-mile piece-rate basis (or any other piece-rate basis), (6) at any time from February 25, 2016 through November 17, 2020 (collectively, 'Class Members')." Dkt. No. 32, ¶ 2.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-CV-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

**C.** **Class Member Response Deadlines**: Class Members had 45 days following the mailing of the Notice Packets to opt-out of the settlement; object to the settlement; or challenge the Piece Rate Earnings that was included in each Notice packet. Dkt. No. 32, ¶ 9. Since no Class Members opted out, all Class Members are part of the Class and will be bound by any final rulings of the Court. As stated above, as of the date of this motion, no Class Members objected, and no Class Members opted out.

**D.** **Class Counsel's Attorneys' Fees and Costs**: Class Members were notified on Class Counsel's Attorneys' Fees and Costs in the Notice Packet, and through the Settlement Administrator's subsequent mailing of the Fees Motion. Bridley Decl., ¶ 9. No Class Members objected to the requested fees and costs. *Id.* ¶ 10.

**E.** **Class Representative Incentive Award**: Plaintiff's Counsel requested an award of $5,000.00 for the Class Representative for his role in initiating this Action and acting as the Class Representative, for services provided in furtherance of this Action, for the risks undertaken in the event this Action was unsuccessful, and for any stigma he may suffer going forward due to having filed a class action complaint against an employer. No Class Members objected to the requested Incentive Award. *Id.*

**F.** **Settlement Administration Costs**: The settlement administrator, Atticus Administration, LLC, will charge $5,000.00 for administration of the Settlement, which will be paid out of the Gross Settlement Amount. SA ¶ 13.

## IV.    THE SETTLEMENT SHOULD BE FINALLY APPROVED

### A.    The Settlement Satisfies the Requirements of Fed. R. Civ. P. 23

The requirements of Fed. R. Civ. P. 23 certification, and the reasons why Plaintiff satisfies those requirements, were set forth in detail in Plaintiff's Motion for Preliminary Approval of Class Action Settlement. See Dkt. No. 25, § V(A)-(B). In its Order Granting Preliminary Approval, the Court conditionally granted Fed. R. Civ. P. 23 certification of the class, subject to final approval. Dkt. No. 32, ¶¶ 1-2.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-CV-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720  F: (253) 276-0081

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**B.        The Settlement is Fair, Reasonable and Adequate**

Fed. R. Civ. P. 23(e) provides that the claims of "[a] class proposed to be certified for purposes of settlement—may be settled . . . only with the Court's approval." Fed. R. Civ. P. 23(e)(2) further provides that "If the proposal would bind class members, the court may approve it only after a hearing and only on finding that it is fair, reasonable, and adequate. . . ." Thus, in order to approve a final settlement in a class action, the district court must find that the proposed settlement is fundamentally fair, adequate, and reasonable. *Id.*; *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003). The court has broad discretion to grant final approval and should do so where the proposed settlement is "fair, adequate, reasonable, and not a product of collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1026 (9th Cir. 1998).

"To determine whether a settlement agreement meets these standards, a district court must consider a number of factors, including: 'the strength of plaintiffs' case; the risk, expense, complexity, and likely duration of further litigation; the risk of maintaining class action status throughout the trial; the amount offered in settlement; the extent of discovery completed, and the stage of the proceedings; the experience and views of counsel; the presence of a governmental participant; and the reaction of the class members to the proposed settlement.'" *Staton*, 327 F.3d at 959 (citations omitted).

Importantly, there is a presumption of fairness if "(1) the negotiations occurred at arm's length; (2) there was sufficient discovery; (3) the proponents of the settlement are experienced in similar litigation; and (4) only a small fraction of the class objected.'" *Rodriguez v. West Publishing Corp.,* Case No. CV-05-3222 R (MCx), 2007 U.S. Dist. LEXIS 74849, at *32-33 (C.D. Cal. Aug. 10, 2007) (citations omitted). *See also Hughes v. Microsoft Corp.,* No. C98-1646C, C93-0178C, 2001 U.S. Dist. LEXIS 5976, at *20 (W.D. Wash. Mar. 26, 2001) ("'A presumption of correctness is said to attach to a class settlement reached in arms-length negotiations between experienced capable counsel after meaningful discovery.'") (quoting Manual for Complex Litigation (Third) § 30.42 (1995)).

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-CV-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720  F: (253) 276-0081

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### 1.    The Parties Engaged in Arm's Length Negotiations

The Settlement was a product of intensive, adversarial litigation between the Parties. After an exchange of informal discovery and class data and contested but productive settlement discussions between Counsel for the Parties that took place through phone calls and email correspondence over a period of several months between September 2021 and January 2022, the Parties entered into a Settlement Agreement resolving the claims of the putative class.  Dkt. No. 26, ¶ 2. The Settlement Agreement is attached as **Exhibit 1** to the Declaration of Craig J. Ackermann in Support of Plaintiff's Unopposed Motion for Preliminary Approval of the Class Action Settlement ("CJA PAM Decl.") before this Court. *Id*.

### 2.    Significant Discovery and Investigation

The Parties exchanged informal discovery to reasonably assess the merits of their respective positions. In November and December 2021, after Plaintiff's counsel sent a request for informal discovery to Defendant's counsel, Defendant's counsel provided Plaintiff's counsel with a set of responsive documents including, *inter alia*, a class list spreadsheet showing the Class Members' hire dates, termination dates, and their total miles driven and total piece-rate compensation earned during the Class Period. *Id*.  ¶ 19. This exchange of informal discovery took place after the Ninth Circuit panel's decision in *IBT v. FMCSA*, which recognized agency deference to the FMCSA preemption ruling as to California's meal and rest break law. *Id.*

Plaintiff analyzed the documents and data exchanged during informal discovery and the Parties were able to settle the Action through settlement discussions under the terms of the Settlement Agreement.

It was only after the Parties investigated and evaluated the strengths and weaknesses of the case, and participated in settlement discussions that took place through phone calls and email correspondence over a period of several months, that the settlement was reached. Thus, despite the relatively early stage in the litigation, Plaintiff engaged in substantial discovery and obtained "sufficient information to make an informed decision about settlement." *Newberg on Class Actions*

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-CV-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1  ("*Newberg*") § 13.50 (5th ed.) (quoting *Barani v. Wells Fargo,* Case No. 12CV2999-GPC (KSC),

2  2014 U.S. Dist. LEXIS 49838, at * 13 (S.D. Cal. Apr. 9, 2014)). *See also Lewis v. Starbucks Corp.,*

3  Case No. 2:07-cv- 00490-MCE, 2008 U.S. Dist. LEXIS 83192, at *17 (E.D. Cal. Sept. 11, 2008)

4  ("[A]pproval of a class action settlement is proper as long as discovery allowed the parties to form

5  a clear view of the strengths and weaknesses of their cases.")

### 3.      Class Counsel's Opinion

6
7          When assessing the fairness of a proposed settlement, the court must consider the views

8  and experience of counsel. *Hanlon*, 150 F.3d at 1026. It is the view of Class Counsel that the

9  settlement is fair, reasonable, and adequate. The average net recovery under the Settlement is

10  estimated to be $250.00[3] per Class Member, which is comparable to other rest break settlements

11  for Washington employees that were approved by Washington courts in which Plaintiff's Counsel

12  was class counsel, including: *Perez-Hernandez v. Oasis Farms, Inc.*, Case No. 17-2-00749-5,

13  Wash. Super. Ct. Benton County (Jan. 12, 2018) (Judge Sam Swanberg) (granting final approval

14  to a class action settlement encompassing unpaid rest break claims where the average individual

15  class member recovery was $176.37); *Garcia v. Frosty Ridge Orchards, LLC,* Case No. 17-2-

16  00224-39, Wash. Super. Ct. Yakima County (Jan. 19, 2018) (Judge Michael McCarthy) (granting

17  final approval to a wage-and-hour class action settlement involving unpaid rest breaks where the

18  average recovery was $263.90); *Ayala v. Olsen Brothers Ranches, Inc.*, Case No. 17-2-01046-1,

19  Wash. Super. Ct. Benton County (July 27, 2018) (unpaid rest break claim settlement with an

20  average recovery of $215.46 per class member); and *Hernandez v. Taylor Shellfish Company, Inc.*,

21  Case No. 18-2-00524-29, Wash. Super. Ct. Skagit County (June 7, 2019) (unpaid rest break

22  settlement with an average recovery of $358.34 per class member ).

23          The results obtained here are particularly impressive when considering the possibility of

24  unfavorable decisions on class certification (based on individualized issues predominating),

25  summary judgment (based on non-actionability of claims, which occurred by way of the *Sampson*

26
27
28

---

[3] *See* Bridley Decl. ¶ 13.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-CV-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*vs. Knight Transp., Inc.*[4] decision, and federal preemption of state meal and rest break claims under *IBT v. FMCSA*[5] and FMCSA determinations that Washington rest period laws are also preempted by the federal Hours of Service regulations), at trial (with Defendant arguing that its piece-rate pay covered pay for rest breaks), on the damages awarded (i.e., that no double damages would be awarded because Defendant did not willfully fail to pay), and/or on an appeal that would all take several more years to litigate. There is also the risk of Plaintiff recovering nothing on Plaintiff's Wage Rebate Act claims (based on the *Sampson* decision); and the transaction costs and time of litigation.

### 4.    The Settlement is Unanimously Supported by the Class

No Class Member has filed an objection nor opted-out of the Class. Bridley Decl., ¶ 10. This indicates that the overwhelming majority of Class Members favor the Settlement. *Hanlon*, 150 F.3d at 1027 ("[T]he fact that the overwhelming majority of the class willingly approved the offer and stayed in the class presents at least some objective positive commentary as to its fairness."); *see also In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 459 (9th Cir. 2000) (presence of only one opt-out supports district court's approval of settlement).

///
///
///
///
///
///

---

[4] On September 5, 2019, approximately six months after this class action was filed, the Washington Supreme Court issued a decision in *Sampson v. Knight Transp., Inc.*, 193 Wn.2d 878 (Wash. Sept. 5, 2019). The Washington Supreme Court in *Sampson* held that the Washington Minimum Wage Act (WMWA) does not require non-agricultural employers to pay their piece-rate employees separately and per hour for time spent performing activities outside of piece-rate work. Therefore, Plaintiff's second cause of action was extinguished before the Parties resolved this action.
[5] As discussed more thoroughly in Plaintiff's Motion for Attorney's Fees Attorneys' Fees and Costs and Class Representative Incentive Award (Dkt. No. 35, § II.A.1, n. 3-5), on October 4, 2021, the U.S. Supreme Court denied the Petition for Writ of Certiorari in *International Brotherhood of Teamsters, Local 2785 v. FMCSA*, 9th Cir. Case No. 18-734488 (Jan. 15, 2021) (*William B. Trescott v. FMCSA, et. al.* U.S. Sup. Crt. Case No. 20-1662 (Oct. 4, 2021)), which further underscores the good result reached in this case.

- 8 -

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-CV-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720   F: (253) 276-0081

1

**V.    CONCLUSION**

2

        For the foregoing reasons, Plaintiff, on behalf of himself and the Class, respectfully

3

requests the Court to enter the Proposed Order filed herewith, finally approving the Settlement

4

Agreement, and to enter final judgment in this case.

5

6

Dated:  September 20, 2022                    Respectfully submitted,

7

                                              */s/Craig J. Ackermann*
8                                             ACKERMANN & TILAJEF, P.C.
                                              Craig J. Ackermann, WSBA No. 53330
9                                             Brian Denlinger, WSBA No. 53177
                                              2602 North Proctor Street, Suite 205
10                                            Tacoma, WA 98406
                                              Telephone: (310) 277-0614
11                                            Facsimile: (310) 277-0635
                                              Email: cja@ackermanntilajef.com
12                                            Email: bd@ackermanntilajef.com

13

14                                            INDIA LIN BODIEN, ATTORNEY AT LAW
                                              India Lin Bodien, WSBA No. 44898
15                                            2522 North Proctor St., Suite 387
                                              Tacoma, WA 98406
16                                            Telephone: (253) 212-7913
                                              Facsimile: (253) 276-0081
17                                            Email: india@indialinbodienlaw.com

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR FINAL                              ACKERMANN & TILAJEF, P.C.
APPROVAL OF CLASS ACTION                           2602 NORTH PROCTOR STREET, STE. 205
SETTLEMENT – Case no. 3:19-CV-05236-JHC                         TACOMA, WA 98406
                                                     P: (253) 625-7720   F: (253) 276-0081

## <u>CERTIFICATE OF SERVICE</u>

I, Jaclyn Blackwell, hereby certify and declare under penalty of perjury under the laws of the States of Washington and California that, on the <u>20th day of September 2022</u>, I caused to be electronically filed the foregoing Motion, along with Plaintiff's Memorandum of Points and Authorities in Support of Motion for Final Approval of Class Action Settlement; the accompanying Declaration of Bryn Bridley of Atticus Administration, LLC; and the Proposed Order, with the Clerk of the Court using the CM/ECF system that will send notification of such filing to the following:

India Lin Bodien, Esq.
Law Offices of India Bodien, Esq.
2522 North Proctor Street, #387
Tacoma, WA 98406-5338
Tel: (253) 212-7913
india@indialinbodienlaw.com

Craig J. Ackermann, Esq.
Brian Denlinger, Esq.
Ackermann & Tilajef, P.C.
1180 South Beverly Drive, Suite 610
Los Angeles, CA 90035
Tel: (310) 277-0614
cja@ackermanntilajef.com
bd@ackermanntilajef.com

Kenneth J. Diamond, Esq.
Winterbauer & Diamond PLLC
1200 Fifth Avenue, Suite 1700
Seattle, WA 98101
Tel: (206) 676-8440
ken@winterbauerdiamond.com

Michael R. Phillips, Esq.
McGuireWoods LLP
77 West Wacker Drive, Suite 4100
Chicago, IL 60601
Tel: (312) 750-8902
mphillips@mcguirewoods.com

I further certify that I mailed a true and correct copy of the foregoing to the following non-CM/ECF participant: N/A

 /s/Jaclyn Blackwell
Jaclyn Blackwell
Office Manager
ACKERMANN & TILAJEF, P.C.

PLAINTIFF'S MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT – Case no. 3:19-CV-05236-JHC

ACKERMANN & TILAJEF, P.C.
2602 NORTH PROCTOR STREET, STE. 205
TACOMA, WA 98406
P: (253) 625-7720  F: (253) 276-0081