UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOM DOTY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>WATKINS AND SHEPARD TRUCKING INC., a Montana corporation,<br><br>Defendant. | CASE NO. 3:19-cv-05236-JHC<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT |

ORDER GRANTING PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 1

The Court, having read and considered all of the papers of the Parties and their counsel, including Plaintiff's Motion for Final Approval of Class Action Settlement and Plaintiff's Memorandum of Points and Authorities in Support of Motion for Attorneys' Fees and Costs and Class Representative Incentive Award, filed on August 15, 2022 ("Fees Motion"); having granted preliminary approval on June 16, 2022 ("Preliminary Approval Order"); and good cause appearing, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure ("FRCP"), HEREBY ORDERS AS FOLLOWS:

1. The Court grants final approval of the Settlement based upon the terms set forth in the Parties' Settlement Agreement ("Settlement Agreement").

2. For settlement purposes only, the Court certifies the Class, as defined in the Court's June 16, 2022 Order Granting Plaintiff's Unopposed Motion for Preliminary Approval of Class Action Settlement as follows:

> All individuals who (1) resided in Washington State, (2) held Washington State Commercial Driver's Licenses, (3) were employed by Defendant, (4) in the position of truck driver, (5) and who were paid, in whole or in part, on a per-mile piece-rate basis (or any other piece-rate basis), (6) at any time from February 25, 2016 through November 17, 2020 (collectively, "Class Members").

<u>The Court previously found that the requirements of Rule 23(a) and Rule 23(b)(3) are satisfied for certification of the Class for settlement purposes only.  Dkt. # 32.  The Court now reaffirms its findings rendered in the Order Granting Preliminary Approval of Class Action Settlement.</u>

3. The Court hereby finds that the Notice of Proposed Class Action Settlement and Fees Motion, both of which were mailed to all Class Members as ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement. The Court further finds that the Notice of Proposed Class Action Settlement fairly and adequately described the manner in which Class Members could object to the settlement, and the manner in which Class Members could opt out of the Class; was the best notice

practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with FRCP Rule 23(e)(1)(B), due process, and all other applicable laws. The Court further finds that a full and fair opportunity has been afforded to Class Members to participate in the proceedings convened to determine whether the proposed Settlement Agreement should be given final approval. Accordingly, the Court hereby determines that, since there were no requests for exclusion, all 90 Participating Class Members are bound by this final Order and shall be deemed to have released any claims described in the Settlement Agreement (the "Released Claims").

    4.    The Court, <u>having considered the factors set forth in Rule 23(e)(2), and having applied a high level of scrutiny as required when settlement precedes class certification,</u> finds that the Settlement Agreement is fair, reasonable, and adequate as to the Class, Plaintiff, and Defendant, and is the product of good faith, arm's-length negotiations between the Parties, and further, that the Settlement Agreement is consistent with public policy, and fully complies with all applicable provisions of law. <u>The Court held a hearing on September 27, 2022 to consider the fairness, reasonableness, and adequacy of the proposed settlement, and was advised that there are no objections to the settlement from any Settlement Class Members.</u> Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP 23(e)(2), and specifically:

    a.    Approves the $50,000.00 Gross Settlement Amount;

    b.    Approves the distribution of the Net Settlement Amount to Participating Class Members in the manner specified in and subject to the terms of the Settlement Agreement;

    c.    Approves the Class Representative Incentive Award of $5,000.00 to the Class Representative;

ORDER GRANTING PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 3

    d. Approves Class Counsel's requested fees award of $15,000.00, which is thirty percent (30%) of the Gross Settlement Amount, and is to be paid from the Gross Settlement Amount;

    e. Approves Class Counsel's request for reimbursement of litigation expenses of $2,500.00 to be paid from the Gross Settlement Amount;

    f. Approves payment to Atticus Administration, LLC, the Settlement Administrator, of Administration Costs in the amount of $5,000.00 to be paid from the Gross Settlement Amount; and

    g. Approves and orders that in all other particulars the Settlement Agreement be carried out by the Parties and the Settlement Administrator subject to the terms thereof.

  5. The Court orders that, following the Effective Date as defined in the Settlement Agreement, the Parties and the Settlement Administrator shall carry out the following implementation schedule for further actions and proceedings:

| | |
|---|---|
| Within 10 business days of Settlement Effective Date | Deadline for Defendant to fund the settlement |
| Within 20 business days of the Settlement Effective Date | Deadline for Settlement Administrator to mail the Individual Settlement Payments to eligible Participating Class Members; pay the appropriate taxes to the appropriate taxing authorities; make payment of Court approved attorneys' fees and costs to appropriate counsel; and make payment of the Class Representative Payment |
| 90 days after issuance of Settlement checks | Uncashed checks shall be sent by the Settlement Administrator to the Washington State Department of Revenue Unclaimed Property Fund with the associated name of the Class Member |

ORDER GRANTING PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 4

6. This action is hereby dismissed with prejudice; provided, however, that without affecting the finality of this Order, the Court retains exclusive and continuing jurisdiction over the case for purposes of supervising, implementing, interpreting and enforcing this Order and the Settlement Agreement, as may become necessary, until all of the terms of the Settlement Agreement have been fully carried out.

7. Upon the Settlement Effective Date, Plaintiff and all Participating Class Members shall be and hereby are enjoined from filing, initiating or continuing to prosecute any actions, claims, complaints, or proceedings with respect to the Released Claims.

**IT IS SO ORDERED.**

Dated: September 27, 2022

HON. JOHN H. CHUN
UNITED STATES DISTRICT COURT

ORDER GRANTING PLAINTIFF'S
MOTION FOR FINAL APPROVAL OF
CLASS ACTION SETTLEMENT - 5